**Application of Donald S. MOREHOUSE, Jr., and Frank Harold Bolton, Deceased, by Kathryn Bolton, Administratrix.**

**Patent Appeal No. 76–609.**

United States Court of Customs and Patent Appeals.

Nov. 24, 1976.

William M. Yates, Midland, Mich., attorney of record, for appellants; Michael S. Jenkins, Bernd W. Sandt, Midland, Mich., of counsel.

Joseph F. Nakamura, Washington, D.C., for the Commissioner of Patents; Gerald H. Bjorge, Washington, D.C., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

LANE, Judge.

This appeal is from the decision of the Patent and Trademark Office (PTO) Board of Appeals (board) affirming the rejection of claims 4, 9, and 15–17 in application serial No. 44,592, filed June 8, 1970, for "Emulsion Polymerization Method for Pre-

paring Aqueous Dispersions of Organic Polymer Particles." [1] We reverse.

## The Invention

Each claim on appeal recites an emulsion polymerization method wherein an ethylenically unsaturated monomer is polymerized in an aqueous phase containing specified amounts of emulsifier and a particular sulfo ester polymer. As described in appellants' specification, the essence of the invention resides in using the sulfo ester polymer as a coalescing aid in the emulsion polymerization process. Due to its coalescing action, the sulfo ester polymer increases the size of the polymer particles of the emulsion polymerizate, thus aiding the overall process objective of preparing aqueous dispersions of normally solid, organic polymeric particles.

The aqueous dispersions per se are useful, as described in the following portion of appellants' specification:

> The aqueous dispersions are useful in themselves as coating compositions such as paints and are especially useful for the preparation of foam rubber. In addition, these aqueous dispersions may be concentrated to higher solids dispersions, or particles thereof may be filtered from the dispersions and used as fillers, etc.

Moreover, appellants, in their specification, further describe a preferred application of their invention wherein they prepare microspheres having liquid centers and seamless rigid walls of a normally solid, organic polymer. In preparing these microspheres, appellants modify the method described hereinabove by starting with a non-polymerizable, water-insoluble liquid which is intimately admixed with the ethylenically unsaturated monomer to be polymerized. The resulting microspheres, consisting of encapsulated, non-polymerized liquid having a polymeric shell, are described as possessing a plurality of practical utilities.

Claims 1 to 3 (not appealed) are reproduced below, together with illustrative claims 4 and 9:

1. [not appealed] An emulsion polymerization method for preparing an aqueous dispersion of normally solid, organic polymeric particles, said method comprising (1) dispersing an oil phase comprising at least one emulsion polymerizable ethylenically unsaturated monomer in an aqueous phase containing from about 0.5 to about 4 weight percent based on total monomer of a stabilizing emulsifier and from about 0.2 to about 2 weight percent based on total monomer of a polymer of a sulfo ester of an a,B-ethylenically unsaturated carboxylic acid, said polymer containing at least 20 weight percent of said ester, said total monomer being capable of an polymerization to form a water-insoluble polymer, and (2) subjecting the dispersion to emulsion polymerization conditions.

2. [not appealed] The method according to claim 1 wherein the polymer of sulfo ester is a sulfo ester copolymer of at least 20 weight percent of the sulfo ester and an ethylenically unsaturated monomer, said monomer capable of being polymerized to an essentially water-insoluble homopolymer.

3. [not appealed] The method according to claim 2 wherein the ethylenically unsaturated monomer of the sulfo ester copolymer is an alkyl acrylate having an alkyl moiety of 1 to 12 carbon atoms.

4. The method according to claim 3 wherein the sulfo ester copolymer is *a copolymer of 2-sulfoethyl methacrylate and butyl acrylate.* [Emphasis added.]

9. An emulsion polymerization method for preparing an aqueous dispersion of normally solid organic polymeric particles, said method comprising dispersing an oil phase comprising at least one monovinylidene aromatic carbocyclic monomer in an aqueous phase containing from about 0.5 to about 4 weight percent based on total monomer of a stabilizing emulsifier selected from the group consisting of water-soluble anionic surfactant, water-soluble non-ionic surfactants and mixtures thereof, and from about 0.2 to

---

1. This application is a continuation-in-part of serial No. 805,908, filed March 10, 1969.

about 2 weight percent based on total monomer of *a polymer of at least 20 weight percent of a sulfo ester of an α-methylene carboxylic acid and up to 80 weight percent of at least one ethylenically unsaturated monomer copolymerizable therewith selected from a group consisting of monovinylidene aromatic carbocyclic monomer, acrylate esters and acrylonitriles,* said total monomer being capable of polymerization to form a water-insoluble polymer, and (2) subjecting the dispersion to emulsion polymerization conditions comprising free-radical type catalyst, temperature in the range from about 60° to about 100°C and agitation of the dispersion. [Emphasis added.]

The emphasis added in claims 4 and 9 highlights the specific recitations at issue under 35 U.S.C. § 112.

### The Rejection

There are no outstanding rejections based upon prior art in this case. The board sustained the examiner's rejection under 35 U.S.C. § 112 to the extent it was bottomed upon criticism of the phrase "a polymer of a sulfo ester of an α,β-ethylenically unsaturated carboxylic acid . . . .." In the board's view,

The appellants' specification in its *description* of the polymers of sulfo esters is not commensurate in scope with the claim terminology. Nor is the specification sufficiently descriptive with respect to the *enablement* as to the polymer intended to be included within the terminology of the claim. The appellants point to two patents, Patent Nos. 3,024,221 and 3,147,301 for a complete description of the polymers contemplated. However, these patents themselves are limited in their disclosure. For the reasons given at pages 3 to 7 of the Board decision in Appeal No. 125–91, which decision is herein incorporated, involving Application Serial No. 805,908, of which application the present application is designated as a Continuation-in-Part, the patents referred to for a description of the "essence" of appellants' invention fail to adequately supplement the present disclosure in order to satisfy

the requirements of 35 U.S.C. 112. The claims are *indefinite* in that the full scope of what is intended by the objected to phrase is not sufficiently defined. [Emphasis added.]

Clearly, the board believed that appellants' claims do not comply with three of the requirements of section 112: (1) the written description requirement, paragraph 1, (2) the requirement of an adequate enabling disclosure to support the scope of the claims, paragraph 1, and (3) the requirement that the claims be precise and definite enough to provide a clear-cut indication of the scope of subject matter embraced therein, paragraph 2.

Appellants filed a request for reconsideration urging the board to modify or reverse its position, particularly with respect to narrow claims 4, 9, and 15–17, but the board refused to do so. Indeed, the board denied appellants' request for reconsideration "to the extent it seeks any change, modification or other action with respect to our original decision." However, in arguing the case before this court, the solicitor has defended only the lack of enablement portion of the board's position; in the solicitor's view, the issues of written description and indefiniteness are moot with respect to the claims here on appeal.

### OPINION

Initially, we do not agree with the solicitor that the appeal of only claims 4, 9, and 15–17 before us rendered moot the issues stemming from the written description and definiteness requirements of 35 U.S.C. § 112. From our review of the record, we note that the board sustained the rejection of all claims before it, including claims 4, 9, and 15–17, because of noncompliance with three of the requirements of 35 U.S.C. § 112. Nevertheless, the written description and indefiniteness aspects of the board's position have little merit. We are satisfied that appellants' specification amply describes the sulfo ester polymers in language commensurate in scope with the appealed claims and, moreover, that the

claims provide a clear-cut indication of the scope of subject matter embraced therein.

■ Regarding enablement, the board expressed concern that appellants' specification was not sufficiently enabling to support the scope of "a polymer of a sulfo ester of an $\alpha,\beta$-ethylenically unsaturated carboxylic acid . . .." However, we note that this broad phrase, which appears in non-appealed claim 1 reproduced above, is more narrowly defined in the claims before us. We agree with appellants that the board did not clearly and specifically state its criticism of the narrower recitation of sulfo ester polymers found in claims 4, 9, and 15–17, although requested to do so in appellants' request for reconsideration.

Appellants rely on three patents,[2] which are incorporated by reference into their specification to show preferred and suitable sulfo ester polymers, as evidence that the sulfo ester polymers recited in the narrow claims on appeal are well-known materials. Although we agree with the solicitor that the '301 patent is essentially irrelevant with respect to the appealed claims, we find that the '221 and '833 patents are germane.[3] Indeed, these latter two patents describe the preparation of polymers of sulfo esters of a-methylene carboxylic acids in great detail, and we believe that one of ordinary skill, armed with this knowledge, could readily prepare the sulfo ester polymers recited in the appealed claims.

■ The examiner and board have expressed concern that appellants' specification does not describe the physical characteristics (e. g., molecular weights) of all the sulfo ester polymers intended to be useful and falling within the scope of the appealed claims. The PTO asserts that undue experimentation would be required to determine the full scope of polymers intended. Appellants reply that physical characteristics are not critical, and that the sulfo ester poly-

mers recited in the claims encompass all such polymers regardless of physical characteristics. That is, all of the sulfo ester polymers, as particularly pointed out in the appealed claims, are suitable regardless of physical characteristics. On this point, we believe that appellants have the better argument. The PTO has the burden of giving reasons, supported by the record as a whole, why the specification is not enabling, and showing that the disclosure entails undue experimentation would be one way of meeting that burden. *In re Angstadt*, 537 F.2d 498, 504, 190 USPQ 214, 219 Cust. & Pat.App.1976); *In re Armbruster*, 512 F.2d 676, 185 USPQ 152 (Cust. & Pat.App.1975). Underlying the PTO position here is the notion that a physical characteristic (e. g., molecular weight) of a recited sulfo ester polymer may adversely affect its coalescing function in the claimed method. Not one cogent reason, however, has been presented to support this notion. Accordingly, the PTO has not carried its burden, and we will not sustain the rejection.

We have carefully considered the board opinion dated June 22, 1973, in appellants' parent case serial No. 805,908, which opinion is incorporated by reference into the instant board opinion. The previous board stressed, inter alia, lack of sufficient enablement to support the scope of the broad claims before it, and affirmed the examiner's rejection under section 112. The broad phrase at issue in the previous board opinion was "a polymer of a sulfo ester of an $\alpha,\beta$-ethylenically unsaturated carboxylic acid . . .." In contrast, however, the claims before us are limited to recitation of particular polymers of sulfo esters of $\alpha$-methylene carboxylic acids. Moreover, the previous board expressed concern regarding the scope of enablement because the claimed method before it was drawn to the preparation of microspheres, which the pre-

**2.** U.S. 3,024,221 patented March 6, 1962. U.S. 3,033,833 patented May 8, 1962. U.S. 3,147,-301 patented Sept. 1, 1964.

**3.** The board apparently did not even consider the '833 patent, even though appellants specifi-

cally rely upon it in their specification as describing preferred and suitable coalescing aids:

Other preferred and suitable copolymers and methods for the preparation thereof are described in U.S. Patent 3,033,833 which is incorporated herein in its entirety.

vious board viewed as a unique, unusual result. We find it sufficient to note that the claims before us are not drawn to the preparation of microspheres, but rather to the preparation of aqueous dispersions of normally solid, organic polymeric particles.

Based upon the critical limitation that the sulfo ester polymer contain at least 20 weight percent of sulfo ester monomer, as recited in the appealed claims, the solicitor asserts that

> [I]t is not believed that appellants will deny that the limitation is critical precisely because it defines the necessary condition whereat the coalescing agent polymer becomes generally water soluble. Water solubility of the coalescing aid, then, would appear to be a prerequisite for operation of the claimed process.

At oral argument, however, counsel for appellants vigorously denied that water solubility is critical for operation of the claimed process, and maintained that the sole critical limitation is the 20 weight percent limitation as recited. We view the contention that water solubility is critical as speculative, and we consequently see little merit in arguments expressed in the solicitor's brief based on this speculative contention. Moreover, the solicitor has not provided cogent reasons why coalescing action would be expected to depend critically upon complete water solubility, although, for the solicitor, it "defies imagination" how *microspheres* could be prepared without a water-soluble coalescing aid. Yet the claimed method is not drawn to the preparation of microspheres, but rather to the preparation of aqueous dispersions, useful per se. Finally, we note that appellants' specification describes the coalescing aid as being contained in "an aqueous phase," which is not restricted, in our opinion, to a completely homogeneous water solution.

In conclusion, we hold that the appealed claims fully comply with the requirements of 35 U.S.C. § 112, first and second paragraphs, and the decision of the board is *reversed*.

*REVERSED.*